In re Walter C. PHILLIPS and Janice Phillips, dba Hangtown Ski Hut, Debtors.

Bankruptcy No. 282-02457-D-7.

United States Bankruptcy Court, E.D. California.

Nov. 23, 1982.

James L. Stevens, Jr., Nageley, Tennant & Parshall, Inc., Sacramento, Cal., for creditor, Richard Markie.

Thomas McCampbell, Chico, Cal., for Stanley E. Silva, trustee.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

The above case was filed June 29, 1982, pursuant to the provisions of Chapter 7 of Title 11 of the United States Code. On August 16, 1982, Richard Markie filed a Statement of Proxy Solicitation to which there were attached three documents entitled Power of Attorney. The first meeting of creditors commenced August 17, 1982, and was continued until October 5, 1982, at which time James L. Stevens, Jr., attorney for Richard Markie, advised the presiding clerk that Richard Markie had filed the aforementioned Statement of Proxy Solicitation together with various alleged proxies which he purportedly voted in favor of Ray Riehle for the position of trustee. The interim trustee filed objections which were responded to in writing by Richard Markie on October 25, 1982. The matter was submitted to the court for determination by the clerk, joined in by the interim trustee and Richard Markie, through their respective counsel, Thomas McCampbell and James L. Stevens, Jr.

The issue before the court concerns the requisites of proxy solicitation and proxy voting.

Bankruptcy Rule 208 sets forth the requirements and restrictions of solicitation and voting of proxies. Paragraph (a)(1) defines a proxy as including a power of attorney, proof of claim, or other writing authorizing any person who does not then own a claim to vote the claim .... The solicitation of a proxy is any communication other than one from an attorney to a regular client but which the creditor is asked directly or indirectly to give a proxy. Paragraph (b) provides that a proxy may be solicited only by a creditor owning a provable claim, certain committees, or bona fide trade or credit associations. Proxies may be solicited only in writing and may not be solicited by an attorney or by a person disqualified from voting under Rule 207(c) or (d) (creditors with secured or priority claims or owning claims of $100 or less) or creditors having an interest materially adverse to the estate and insiders.

Paragraph (d) requires that before the voting commences at a meeting of creditors, the holder of two or more proxies must file with the court a verified list of the proxies to be voted and a verified statement of the pertinent facts and circumstances in connection with the execution and delivery of the proxies, including as to each of the proxies that was solicited a copy of the solicitation, identification of the solicitation, a statement that no consideration has been paid or promised for the proxy, a statement as to whether there is any agreement for the sharing of compensation with a trustee or professional person employed for the estate.

Bankruptcy Rule 910(a) provides that a creditor may perform any act not constituting the practice of law, by an authorized agent, attorney in fact, or proxy. Paragraph (c) of that rule provides that the

authority of any agent, attorney in fact, or proxy to represent a creditor for any purpose other than the execution and filing of a proof of claim shall be evidenced by a power of attorney conforming substantially to Official Form No. 13 or Official Form No. 14, and that the execution of any such power of attorney shall be acknowledged before one of the officers enumerated in Rule 912. Rule 912 authorizes various officers of the court to administer oaths and take acknowledgments and also authorizes any officer authorized to administer oaths under the laws of the state where the oath is taken to do likewise. This would include a notary public. Official Form No. 13 is captioned, "General Power of Attorney," and in addition to the grant of authority must be dated and signed by the person granting the power, including their title if they are signing for a partnership or corporation and also setting forth their address. The power of attorney must be acknowledged by the person signing it. Official Form No. 14 is captioned, "Special Power of Attorney," and must be executed and acknowledged in the same manner as for Form No. 13.

The requirements for a general acknowledgment form to be used by California notaries public are set forth in Civil Code section 1189 (individual), section 1190 (corporate), and section 1191 (partnership), and in all such cases requires the notary to certify that the person whose name is subscribed to the instrument personally appeared, was known to the notary, or was proved to be the person whose name is subscribed to the instrument and acknowledged that he, she or they executed the same.

In California, the contents of a verification are described in Code of Civil Procedure section 446, which shall include "... the affidavit of the party shall state that the same is true of his own knowledge, except as to matters which are therein stated on his or her information or belief and as to those matters that he or she believes it to be true; ..." The verification may be made by affidavit or under penalty of perjury.

■ The Statement of Proxy Solicitation filed August 16, 1982, is defective for these reasons:

(1) The actual solicitation was not attached (although referred to as Exhibit A) as required by Bankruptcy Rule 208(d)(1), and

(2) The copy of the solicitation letter dated 4 August 1982, attached as Exhibit A to the Response of Richard Markie filed October 25, 1982, by his attorney, James L. Stevens, Jr., indicates that the solicitation must have been typed on the letterhead of Attorney Stevens inasmuch as the first paragraph on page 2 contains the sentence, "Please return these documents to me through *my attorney's office at the above address.*" (Emphasis ours.) And the penultimate paragraph of the letter says, "I [sic] you have any questions regarding this matter, please contact my attorney, James L. Stevens, Jr., at the *above telephone number and address.*" (Emphasis ours.)

Even though the first sentence of the solicitation letter identifies Mr. Markie as a creditor of debtors, it could very well appear as a joint solicitation by Mr. Markie and Attorney Stevens, or that Mr. Markie was an employee of the Stevens' law office.

■ Bankruptcy Rule 208(c)(4) prohibits solicitation "by or on behalf of an attorney at law." This rule must be strictly construed and observed in order to achieve the purpose for the rule and this solicitation made on the attorney's letterhead violates Rule 208(c)(4).

■ The three purported proxies attached to the Statement of Proxy Solicitation are all defective as not conforming substantially to Official Form Nos. 13 or 14 as required by Bankruptcy Rule 910(c) and more specifically as follows:

(1) The White Stag document does not disclose their address and is not acknowledged.

(2) The Rodet document does not disclose Rodet's title or the name and address of his principal and is not acknowledged.

**718**

■ The Klaus Obermeyer document does not disclose the name or address of his principal and is not acknowledged.

On July 26, 1982, Richard Markie filed two identical claims, each for $51,000.00, except that one was claimed to be secured and one was claimed to be unsecured. The agreement attached to each claim makes it clear that Markie had but one claim for $51,000.00, which he claimed to be secured, but if not, then unsecured. At the first meeting of creditors on September 17, 1982, and the continued first meeting on October 5, 1982, Markie's position as secured or unsecured had not been resolved, but he was still contending that he was secured.

■ Therefore, on neither of the first meeting dates was Markie eligible to vote for a candidate for trustee inasmuch as he had filed a proof of claim, claiming to be a secured creditor. Bankruptcy Code Section 702(a) precludes such a creditor from voting because he (1) does not then hold an allowable, undisputed unsecured claim, and/or (2) claims an interest adverse to the interest of unsecured creditors. Nor was he authorized to solicit the proxies. (See Bankruptcy Rule 208(c)(3).)

In any event, it appears that Richard Markie did not vote for a trustee, orally or in writing, at the first or continued meeting of creditors, even though the solicitation letter first filed with Markie's response on October 25, 1982, indicated his proposed trustee to be Ray Riehle.

■ For the above reasons, no trustee was elected in this case and therefore the interim trustee, Stanley E. Silva, shall serve as trustee in the case, and he is so appointed under his blanket bond. 11 U.S.C. Section 702(d).